UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| KELLY STEWART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:23-CV-346-JEM |
| | ) |
| GABRIEL BROTHERS, INC., | ) |
| d/b/a Gabe's, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73 of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 9].

This matter is before the Court on Plaintiff's Notice of Voluntary Dismissal [Doc. 28], which seeks dismissal of her case without prejudice. Defendant responded in opposition [Doc. 30], and Plaintiff filed a reply [Doc. 34]. Plaintiff's request is ripe for adjudication. *See* E.D. Tenn. L.R. 7.1(a). For the reasons explained below, the Court **CONDITIONALLY GRANTS** Plaintiff's Notice of Voluntary Dismissal [**Doc. 28**], pending Plaintiff's acceptance of the conditions below.

I.    **BACKGROUND**

On May 30, 2023, Plaintiff filed this action in the Circuit Court for Sevier County, Tennessee [Doc. 1-2]. A few months later, on September 22, 2023, Defendant removed the case to this Court [Doc. 1]. The parties attended a telephonic scheduling conference on February 20, 2024, and the Court entered a Scheduling Order on the same day setting the trial for March 25, 2025 [Doc. 17].

On May 9, 2024, the parties participated in an informal discovery dispute conference with the Court relating to Plaintiff's overdue discovery responses, wherein the Court ordered her to produce completed responses on or before June 6, 2024 [Doc. 18]. When Plaintiff did not produce completed responses, Defendant moved to dismiss [Doc. 20]. The Court denied that motion in light of Plaintiff's representation that she provided the discovery that she had in her possession and that she was working on obtaining her missing billing and medical records [Doc. 22 pp. 2–4].

Later, on September 19, 2024, the parties filed a joint motion to continue the deadlines by 180 days [Doc. 23]. The parties explained that Plaintiff was still seeking treatment for her injuries, making the discovery deadline of October 22, 2024, premature [*Id*. ¶ 3]. In addition, the parties represented that on September 10, 2024, Plaintiff's attorney, Adrienne Ogle, was appointed as the Circuit Court Judge for the Fourth Judicial District, and that she and her partner, Attorney Travis McCarter, had only 180 days to wind up her practice [*Id*. ¶ 4]. Plaintiff stated, "[She] believes that an extension of 180 days as to the trial date and applicable discovery deadlines will allow her to complete treatment and participate in meaningful discovery in this matter. Such an extension will also give Plaintiff's counsel time to wrap up any necessary administrative matters concerning Ms. Ogle's judicial appointment and properly prepare this matter to move forward" [*Id*. ¶ 5]. Defendant agreed with the proposed continuance [*Id*. ¶ 6]. On the following day, on September 27, 2024, the Court granted the motion and entered an Amended Scheduling Order [Doc. 25]. Under the Amended Scheduling Order, Plaintiff's expert disclosures were due on February 11, 2025, the discovery deadline is April 22, 2025, and trial is set for September 23, 2025 [*Id*. at 1–2].

On February 10, 2025, Plaintiff filed a motion seeking an extension of her expert disclosure deadline, citing to her continued medical treatment, her husband's medical issues, and her

counsel's transition to a new law firm [Doc. 26 pp. 1–2] On March 4, 2025, the Court denied this motion [Doc. 29].

Less than an hour before the Court entered the order denying that motion, Plaintiff filed the Notice of Voluntary Dismissal pursuant to Rule 41 of the Federal Rules of Civil Procedure [Doc. 28]. She states that she "filed this matter in order to satisfy Tennessee's one-year statute of limitations," although she had not completed treatment for her injuries [*Id.* ¶ 1]. According to Plaintiff, her "treatment and medical condition [have] substantially interfered with [her] ability to meet and confer with counsel and meet the applicable deadlines" [*Id.*]. She submits that her husband has been hospitalized, "which further impeded her ability to progress her case" and that Plaintiff is also tending to her mother, who is "hospitalized and is [in] intensive care" [*Id.* ¶ 2]. Plaintiff states that Defendant has not filed a counter-claim, nor moved for summary judgment; she "has never previously nonsuited this matter in state or federal court[;]" and she "wishes to voluntarily dismiss this action in order to be able to focus on personal matters" [*Id.* ¶¶ 3–5].

Defendant responds in opposition to Plaintiff's request [Doc. 30]. It outlines the procedural history of this case [*Id.* at 1–3]. Defendant asks that the Court deny Plaintiff's request or dismiss the matter with prejudice [*Id.* at 3]. Defendant asserts that the relevant factors weigh in favor of dismissing the case with prejudice [*Id.* at 4–7]. "In the alternative," Defendant states, "any dismissal without prejudice should be with certain conditions" [*Id.* at 7]. In support of Defendant's response, it filed excerpts from Plaintiff's deposition [Doc. 30-1] and its Rule 30(b)(6) witness's deposition [Doc. 30-2] and the Affidavit of Allan J. Parker, Esq., its counsel [Doc. 30-3]. Two days after filing its opposition, Defendant moved for summary judgment [Doc. 31].

Plaintiff filed a reply, stating that she "take[s] issue with" how Defendant has characterized her discovery efforts [Doc. 34 p. 1]. She outlines the parties' discovery efforts and accuses

3

Defendant of failing to meet certain discovery obligations [*Id*. at 1–2]. Plaintiff states that she "has a multitude of reasons for requesting a voluntary dismissal without prejudice[,]" which includes her health condition and her family's medical emergencies [*Id*. at 2]. According to Plaintiff, she "also seeks permission to file a voluntary nonsuit for strategic reasons[,]" including her counsel's decision to close his firm due to the inability to manage a heavy case load [*Id*. at 3]. The relevant factors, Plaintiff argues, weighs in favor of dismissing this case without prejudice [*Id*. at 4–8]. Plaintiff acknowledges that the Court may impose conditions if it dismisses the case without prejudice [*Id*. at 8]. In support of her reply brief, she filed the Declaration of Affidavit of Travis D. McCarter [Doc. 34-1].

I.     ANALYSIS

Given that Plaintiff filed her notice after Defendant filed its Answer, and the parties have not stipulated to dismissing this case, Rule 41(a)(2) of the Federal Rules of Civil Procedure governs Plaintiff's request. *See* Fed. R. Civ. P. 41(a)(2). It states, "[A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." *Id*. "The primary purpose of the rule in interposing the requirement of court approval is to protect the nonmovant from unfair treatment." *Grover by Grover v. Eli Lilly & Co.* ("*Grover*"), 33 F.3d 716, 718 (6th Cir. 1994) (citation omitted). If the Court determines that the defendant will suffer "plain legal prejudice," then dismissal should be with prejudice. *Id*. (citations omitted).

The Sixth Circuit has recognized several factors a court should consider in determining whether the defendant will suffer plain legal prejudice: (1) "the defendant's effort and expense of preparation for trial," (2) "excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action," (3) insufficient explanation for the need to take a dismissal," and (4) "whether a motion for summary judgment has been filed by the defendant." *Id*. (citation

4

omitted) ("*Grover* factors"). But these "factors are neither exhaustive nor conclusive." *Walther v. Fla. Tile, Inc.*, 776 F. App'x 310, 315 (6th Cir. 2019) (citation omitted). Instead, they "are only a guide[.]" *Malibu Media, LLC v. [Redacted]*, 705 F. App'x 402, 407 (6th Cir. 2017) (citation omitted). Ultimately, the Court has discretion on dismissing the matter with or without prejudice. *Grover*, 33 F.3d at 718 (citation omitted). "The nonmovant carries the burden of establishing that a dismissal under Rule 41(a)(2) without prejudice will result in plain legal prejudice." *New York Life Ins. Co. v. Robinette*, No. 2:21-CV-179, 2024 WL 2947711, at *2 (E.D. Tenn. June 11, 2024) (citation omitted).

For the reasons stated below, the Court finds that Defendant has not established its burden to show that a dismissal under Rule 41(a)(2) without prejudice will result in plain legal prejudice. But to the extent Plaintiff would like to proceed with her request to dismiss this case without prejudice, the Court will impose conditions it considers proper under Rule 41(a)(2).

### A. *Grover* Factors

Starting with the first *Grover* factor, Defendant's efforts and expense of preparing for trial, Defendant argues that it took "comprehensive efforts . . . to prepare this case for trial" [Doc. 30 p. 4]. For instance, Defendant asserts:

> It investigated the incident, removed the case to federal court, filed an Answer, issued discovery to the Plaintiff, reviewed and evaluated 2,292 pages of medical records for the Plaintiff, researched case law on the issues at hand, deposed the Plaintiff, defended the deposition of its corporate representative, filed a motion to dismiss, and retained and paid for an expert witness to review Plaintiff's voluminous medical records and provide opinions.

[*Id*.]. The Court acknowledges that Defendant has expended time and effort in defending this action. But Plaintiff states that "everything the Defendant has expended time and effort on in this matter has been preserved and would be preserved [if] a second lawsuit [is] filed" [Doc. 34 p. 6].

5

*See Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F. App'x 498, 502 (6th Cir. 2007) (affirming the district court's decision to grant the motion to dismiss without prejudice based in part on the fact that "discovery would largely be transferrable" to the subsequent action); *King v. Chase*, No. 219CV02658, 2020 WL 8838089, at *2 (W.D. Tenn. Aug. 19, 2020) ("Most, if not all, of the discovery conducted by the [p]arties can be used in any future litigation." (citations omitted)); *Yandell Constr. Servs., Inc. v. LMR Constr., LLC*, No. 1:17-cv-01307, 2018 WL 4375112, at *3 (W.D. Tenn. Sept. 13, 2018) ("Although the Court notes that conducting over two years of litigation results in no small expense, much of the effort put forth in the discovery phase of this case could presumably be used in any future suit brought by Plaintiff against the two Defendants." (citations omitted)); *Cogent Sols. Grp., LLC v. Brown*, No. 2:12-CV-665, 2013 WL 6116052, at *6 (S.D. Ohio Nov. 20, 2013) ("A final point 'cuts against a finding of plain legal prejudice'—'it appears that much of the effort and expense devoted to this case would be useful in a subsequently filed action.'" (quoting *Wills v. Honda of Am. Mfg., Inc.,* No. 2:11–CV–717, 2012 WL 1203567, at *2 (S.D. Ohio April 10, 2012))). The first factor therefore weighs in favor of dismissing this action without prejudice.

The second factor considers Plaintiff's excessive delay and lack of diligence in prosecuting this action. Defendant argues that "this factor should weigh[] heavy on the Court's decision" [Doc. 30 p. 5]. Defendant outlines the history of this case, noting that Plaintiff failed to timely respond to discovery, failed to produce photographs, and failed to properly disclose her expert witness [*Id*. at 5–6]. Plaintiff disputes Defendant's characterization of her discovery efforts and notes that she "had requested certain records multiple times and was waiting receipt of those records before she could provide them to Defendant" [Doc. 34 p. 1]. Further, she asserts that she

6

executed an authorization allowing Defendant access to her records on May 9, 2024 [*Id*.]. She accuses Defendant of not meeting its discovery obligation [*Id*. at 2].

While there have been some delays on Plaintiff's part [*see* Docs. 18, 22, 23 & 26], "[t]he appropriate test under this prong is *not* whether there was *some* delay or lack of diligence; rather, the dilatory behavior must have been '*excessive.*'" *PGT Trucking, Inc. v. Jones*, No. 15-1032, 2015 WL 4094265, at *6 (W.D. Tenn. July 7, 2015) (quoting *Grover*, 33 F.3d at 718). Based on the record, the Court does not find that this factor supports dismissing the case with prejudice. *See Harrell Biomet Orthopedics, LLC*, No. 13-CV-2293 2015 WL 11117733, at *3 (W.D. Tenn. Feb. 25, 2015) ("The [c]ourt finds that [c]ounsel's failure to adhere to the [c]ourt's [s]cheduling [o]rder in this case unfortunate. However, there has not been a showing of excessive delay and lack of diligence on [the p]laintiff's part in prosecuting his case.").

Turning to the third factor, Plaintiff's explanation for the need to dismiss, she seeks dismissal given that her "treatment and medical condition substantially interfere with [her] ability to meet and confer with counsel" and her family's medical issues [Doc. 28 ¶¶ 1–2]. Defendant states that this explanation is not sufficient [Doc. 30 p. 4]. It argues that Plaintiff has not made any showing to comply with her expert disclosure deadline of February 11, 2025, and Plaintiff's counsel stated in August 2024 that he had possession of her complete medical records [*Id*. at 4–5]. Defendant asserts that Plaintiff has not sufficiently explained why her husband and her mother's condition "have impeded her ability to retain expert witnesses' opinions[,]" and while she claims she needs to dismiss this case to focus on personal matters, "[t]he only remaining deadline which would actually require Plaintiff's physical participation prior to trial would be mediation" [*Id*. at 5].

7

"Parties seeking dismissal without prejudice are not required to give an exact or detailed reasoning for their actions so long as there is some logical justification." *Pence v. TMNO Healthcare, LLC*, No. 13-1199, 2013 WL 5550862, at *5 (W.D. Tenn. Oct. 8, 2013) (citations omitted). Following Defendant's response, Plaintiff's counsel filed an affidavit that provides more details about Plaintiff's health and the health of her family members [Doc. 34-1 ¶¶ 4(a)–(d)]. In addition, Plaintiff's counsel explains that after his law partner left the firm, he was left with a heavy caseload, which he realized was unmanageable [*Id*. ¶ 5].[1] He has decided to close his firm, and he has accepted employment elsewhere [*Id*. ¶ 6]. According to Attorney McCarter, "[t]hese circumstances have impacted [his] ability to progress this case and meet applicable deadlines and cutoffs imposed by the Court and Federal Rules of Civil Procedure" [*Id*. ¶ 7].

Considering Attorney McCarter's explanation, coupled with Plaintiff's health condition and her personal matters, the Court finds this factor weighs in favor of dismissing this case without prejudice. *Dalton v. State Farm Ins. Co.*, No. 1:22-CV-01102, 2023 WL 3135667, at *2 (W.D. Tenn. Apr. 27, 2023) ("Counsel explained in the course of the status conferences that he had taken over dozens of cases from another attorney and was finding it difficult to stay abreast of all of the discovery matters presented by his new caseload. All of this is perhaps another way of saying that [the p]laintiff's 'cost-benefit analysis of pursuing further litigation' justified his need for a nonsuit." (citation omitted)); *Crim v. Golden*, No. 3:19-CV-00284, 2020 WL 4883012, at *3 (M.D. Tenn. July 31, 2020) (finding that the third factor weighed in the plaintiff's favor, in part, because his affidavit explained that his request is "based on his serious health conditions"), *report*

---

[1] While Plaintiff did not provide this explanation in her motion, the Court notes that it is not new [*See* Docs. 23 and 26].

*and recommendation adopted*, No. 3:19-CV-00284, 2020 WL 4819531 (M.D. Tenn. Aug. 19, 2020).

The final factor considers whether a motion for summary judgment is pending. Defendant argues that this factor weighs in its favor because the parties took depositions on February 18, 2025, and following receipt of the transcripts, its counsel began drafting the motion for summary judgment and the statement of undisputed facts on March 3, 2025 [Doc. 30 p. 7; Doc. 30-3 ¶ 4]. On March 7, 2025, Defendant filed its Motion for Summary Judgment and related filings [Docs. 32, 33, 33]. But Plaintiff had requested dismissal three days before Defendant moved for summary judgment, and Defendant filed its dispositive motion two months early [*See* Doc. 25 p. 1]. *See Harrell*, 2015 WL 11117733, at *5 (finding the fourth factor weighed in favor of dismissing the case without prejudice because defendant filed its motion for summary judgment after plaintiff requested a dismissal). Although Defendant invested some resources in its motion prior to filing it, this factor "is not dispositive[,]" *Walther*, 776 F. App'x at 316 (citation and footnote omitted), and "this work product could be used in a later suit should Plaintiff re-file [her] Complaint," *Oliver v. FCA US LLC*, No. 19-CV-11738, 2021 WL 1614398, at *2 (E.D. Mich. Apr. 26, 2021) (citations omitted); *see also Rosenthal*, 217 F. App'x at 502 ("We do not find any legal error in the district court's rejection of defendants' assertion that the pending summary judgment motion precluded the court from granting the motion to dismiss."). Under the circumstances, the Court does not find that Defendant's pending Motion for Summary Judgment mandates entering a dismissal with prejudice.

After considering the *Grover* factors, and in an exercise of its discretion, the Court finds dismissing this case without prejudice is appropriate.

9

### B.     Conditions

To the extent the Court dismisses the case without prejudice, Defendant states that certain conditions should be imposed, including that the Court (1) allow it "to file and be heard on its Motion for Summary Judgment prior to entry of an [o]rder of [v]oluntary dismissal," (2) "the matter be refiled in federal court and that the discovery deadlines set forth in the Amended Scheduling be enforced and not extended or re-opened upon refiling by the Plaintiff[,]" (3) "Defendant be awarded its costs, expenses, and fees in defending this matter[,]" and (4) "Plaintiff's deadline for disclosure of expert witnesses be enforced (as expired) and not reopened" [Doc. 30 pp. 7–8].

Plaintiff acknowledges "that the Court has the discretion and authority to impose conditions" [Doc. 34 p. 8]. But she argues the conditions "should not preclude [her] from retaining and disclosing an expert should Plaintiff re-file her matter after an opportunity to consider the strategic benefit of the same" [*Id.*]

"Rule 41(a)(2)'s language permits the Court to 'condition' the grant of the motion on the acceptance of terms it finds appropriate." *PGT Trucking, Inc.*, 2015 WL 4094265, at *7 (citation omitted). The purpose of conditions is "to offset the prejudice the defendant may suffer from a dismissal without prejudice." *Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc.*, 583 F.3d 948, 954 (6th Cir. 2009) (citations omitted).

Starting with Defendant's request for "its costs, expenses, and fees in defending this matter" [Doc. 30 p. 8], "[d]istrict courts may require plaintiffs to pay the defendant's litigation costs and fees." *King*, 2020 WL 8838089, at *4 (citation omitted). Courts generally find the following factors helpful in determining whether an award is appropriate:

> (1) whether the plaintiff acted in good faith in bringing and prosecuting the litigation; (2) whether the defendant incurred

> substantial expenses in defending the action; (3) whether the plaintiff delayed in bringing the motion to dismiss; and (4) whether the work performed can be used in a subsequently filed action.

*Can IV Packard Square, LLC v. Schubiner*, 768 F. App'x 308, 312 (6th Cir. 2019). "[T]he Sixth Circuit 'has expressly rejected the contention that the payment of defense costs is universally required for voluntary dismissal under Rule 41(a)(2).'" *Brashier v. Manorhouse Mgmt., Inc.*, No. 3:20-CV-294, 2021 WL 965913, at *4 (E.D. Tenn. Mar. 15, 2021) (quoting *Bridgeport Music, Inc.*, 583 F.3d at 954).

The Court will not impose an award of costs, expenses, or fees. There is no evidence to suggest that Plaintiff did not act in good faith in bringing and prosecuting the litigation. Defendant incurred expenses in this case, but it may use any discovery it took in any subsequent action, which Plaintiff has acknowledged. *See id.* at *4 ("Often, such fees and expenses are appropriate when refiling suit would risk duplicative fees and expenses." (citation omitted)); *King*, 2020 WL 8838089, at *4 ("All discovery in this case can be used in any subsequent action, thereby reducing the costs imposed on Defendants if Plaintiff refiles her action." (citation omitted)); *Ball v. TVA.*, No. 2:13-CV-904, 2015 WL 556437, at *6 (S.D. Ohio Feb. 10, 2015) ("Further, there is no dispute that the discovery collected in this litigation can be applied to a state action. Taking those factors altogether, this Court does not find that awarding attorneys' fees and costs is warranted as a condition of dismissal."). While Plaintiff filed her motion near the end of the discovery phase, the Court does not find this delay warrants granting fees in light of the other considerations.

Another condition Defendant proposes is that it "be heard on its Motion for Summary Judgment, prior to entry of an [o]rder of voluntary dismissal" [Doc. 30 p. 7]. Defendant does not provide any authority supporting this request [*See id*.]. And given that no party has argued that

Defendant's motion cannot be addressed in a subsequent action, *see Rosenthal*, 217 F. App'x at 501 ("Where a defense is still available in the second action, courts are less likely to find plain legal prejudice." (citations omitted)), the Court declines to impose this condition.

Defendant also requests that the Court require Plaintiff to refile her action in federal court to the extent she wishes to proceed with her lawsuit in the future. "The Court may have the authority to impose this condition[.]" *King*, 2020 WL 8838089, at *5 (citing *Scholl v. Felmont Oil Corp.*, 327 F.2d 697, 699 (6th Cir. 1964)); *see also Seaton v. Black & Decker (U.S.), Inc.*, No. 2:20-CV-124, 2021 WL 1739822, at *3 (E.D. Tenn. May 3, 2021) (granting the plaintiff's request to dismiss without prejudice upon the condition that she refile her action in the Eastern District of Tennessee). But this "condition is 'rare' and should not be used frequently." *King*, 2020 WL 8838089, at *5 (quoting *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 298 n.24 (5th Cir. 2016)). Defendant has not explained why this particular filing restriction should be imposed here, and therefore, the Court declines to impose this condition.

But some conditions are appropriate. This case is almost two years old, and the parties have exchanged discovery and deposed each other. If Plaintiff refiles her case, all deadlines that have elapsed at the time of Plaintiff's request, March 4, 2025, must be honored, and the parties shall use discovery in this case in any future litigation. *See King*, 2020 WL 8838089, at *5 (imposing the same conditions). Plaintiff states that a dismissal without prejudice "should not preclude [her] from retaining and disclosing an expert should [she] re-file her matter" [Doc. 34 p. 8]. But this deadline had already expired when Plaintiff filed her request, and the Court denied her request for an extension [Doc. 29]. Reopening this deadline if Plaintiff chooses to refile this action would result in prejudice to Defendant.

12

Case 3:23-cv-00346-JEM    Document 40    Filed 03/26/25    Page 12 of 13    PageID #: 459

Plaintiff shall have until **April 2, 2025**, to accept these conditions or withdraw her motion. *See Kienitz v. Metro. Life Ins. Co.*, 131 F.R.D. 106, 107 (E.D. Mich. 1990) ("Following imposition of any conditions, plaintiffs are thereafter afforded an opportunity to withdraw the request for voluntary dismissal.").

**II.    CONCLUSION**

For the reasons set forth above, the Court **CONDITIONALLY GRANTS** Plaintiff's Notice of Voluntary Dismissal [**Doc. 28**], pending Plaintiff's acceptance of the conditions above.

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge

13

Case 3:23-cv-00346-JEM    Document 40    Filed 03/26/25    Page 13 of 13    PageID #: 460